IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG MOSS,                          :
                                     :
            Plaintiff                :        CIVIL NO. 1:CV-03-1793
                                     :
      v.                             :        (Judge Rambo)
                                     :
GEORGE MILLER, *et al.*,             :
                                     :
            Defendants               :

## MEMORANDUM and ORDER

The history of this Memorandum and Order is as follows.  Craig Moss, an

inmate at the State Correctional Institution-Greene in Waynesburg, Pennsylvania,

filed this civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983 on

October 8, 2003.  Upon review, the court concluded that the forty-seven (47) page,

two hundred seventy-three (273) paragraph complaint contained disparate and

unrelated claims, and it did not comply with the requirements of Federal Rule of Civil

Procedure 20.  Consequently, Plaintiff was granted leave to file an amended complaint

complying with Rule 20.

Thereafter, Plaintiff filed an amended complaint, which narrowed the focus of

his claim, alleging that from March 6, 2002 to May 10, 2002 while housed at the

Retreat State Correctional Institution in Hunlock Creek, Pennsylvania, he was

frequently exposed to raw sewage when the toilet in his cell backed up and overflowed.  Presently pending is Plaintiff's motion for leave to file a second amended complaint (Doc. 77), to join a new defendant, George Miller, related to allegations of a shower restriction allegedly imposed by Miller.  The motion has been briefed and it is ripe for disposition.

Federal Rule of Civil Procedure 15 states, in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given if justice so requires."  Fed. R. Civ. P. 15(a).  Deciding whether to grant leave is within the discretion of the court and should be exercised within the context of the liberal pleading rules.  *See Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992).  Nevertheless, the proposed amendment will be denied.

Initially, the court notes that Plaintiff has failed to attach a copy of the proposed amended complaint, as required by Local Rule 15.1.  M. D. Pa. L. R. 15.1. Further, Plaintiff seeks to add a defendant nearly two years after the first amended complaint was filed, without explaining the reason for the inordinate delay.  Finally, the proposed amendment would again conflict with the requirements of Federal Rule of Civil Procedure 20, since the new allegations do not appear to arise out of the same

2

transaction or occurrences as the claim set forth in the first amended complaint.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for leave to file a second amended complaint (Doc. 77) is **DENIED**.

   s/Sylvia H. Rambo        
SYLVIA H. RAMBO
United States District Judge

Dated:  November 29, 2005.