IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG MOSS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-03-1793** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **GEORGE MILLER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff, Craig Moss, an inmate at the State Correctional Institution in Huntington, Pennsylvania, commenced this action *pro se* with a civil rights complaint (Doc. 1) filed pursuant to the provisions of 42 U.S.C. §§1983, 1985 and 1986. Subsequently, Plaintiff filed an amended complaint (Doc. 10). Plaintiff claims that while formerly housed at Retreat State Correctional Institution in Hunlock Creek, Pennsylvania, the toilet in his cell frequently backed up when other inmates on his cell block flushed their toilets. As a result, Plaintiff claims he was exposed to "raw sewage and human excrement for sixty-four (64) consecutive days" (*id*. ¶ 43), in violation of his constitutional rights. Notwithstanding his complaints to prison personnel, nothing was done until a corrections officer personally witnessed the problem in Plaintiff's cell. Defendants were served with the amended complaint, they

have filed an answer, and the pleadings are closed.  Of the thirty-two (32) Defendants named in the pleadings, all but six (6) have been dismissed from the action.

By an order dated August 18, 2005 (Doc. 91), the court directed the parties to complete discovery on or before December 14, 2005, and the court further directed the parties to file dispositive motions within thirty (30) days after the close of discovery.  Currently pending is, *inter alia*, Defendants' motion for extension of the dispositive motion deadline (Doc. 114).  In response to the motion, Plaintiff filed a document titled "Plaintiff's response to Defendants' motion for enlargement of time." (Doc. 116.)  In his response, Plaintiff concedes that he "would have difficulties in defeating a properly filed motion for summary judgment," and he asks the court to "deny the Defendants' motion for an enlargement of time and order the Clerk of Courts to dismiss Plaintiff's claims and close the case."  (*Id.* at 2.)  Plaintiff's response will be construed as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure Rule 41.

Rule 41 states in relevant part:

(a) **Voluntary Dismissal: Effect thereof.**

   **(1) By Plaintiff; by Stipulation.**  Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court

>   (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . .
>   
>   **(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . .

A motion for voluntary dismissal lies within the sound discretion of the court. *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991). Furthermore, request for voluntary dismissal should be allowed unless a defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *In Re Diet Drugs*, 85 Fed.Appx. 845, 847 (3d Cir. 2004). Here, Plaintiff states that Defendants' counsel concurs with the dismissal, and the court is unaware of any prejudice to Defendants that would result from dismissal of the action. Since there is no basis to deny his request, Plaintiff's motion will be granted under Rule 41(a)(2). However, the decision herein is without prejudice to Plaintiff's renewal of the instant claims in a subsequent action. Plaintiff is reminded that renewal of his action is subject to Pennsylvania's statute of limitations for a personal injury action. *See Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217(3d Cir. 2004). An appropriate order will issue.

>   s/Sylvia H. Rambo  
>   SYLVIA H. RAMBO  
>   United States District Judge

Dated: January 23, 2006.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG MOSS,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-03-1793** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **GEORGE MILLER,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED**:

1) Plaintiff's response to Defendants' motion for enlargement of time (Doc. 116) is construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), and the motion (Doc. 116) is **GRANTED** without prejudice.

2) All other pending motions are **DISMISSED** as moot.

3) The Clerk of Court is directed to close this case.

4) Any appeal from this order shall be deemed frivolous, without probable cause, and not taken in good faith.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: January 23, 2006.